By the Court.—Sedgwick, J.
The revolving upright shaft was not dangerous in itself or in its working. (Loop v. Litchfield, 42 N. Y. 358). The oppor *275 tunity for damage would arise only if a person should come in contact with it, and be caught by it. And the complaint states the negligence, which caused the damage, to have been that the defendant did ‘ ‘ negligently and wrongfully leave said revolving shaft uncovered, uninclosed and unprotected.” Such being the omission and the cause of action, was the defendant responsible for it %
At the time of the accident the defendant had not any control of the floor on which must be placed any fence or guard about the shaft. He received rent for the premises, and for the power which moved the shaft, and at the time was furnishing that power. For so much he was responsible. As has been said, this was not dangerous in itself. His leasing and receiving rent did not involve a request by him, or a claim or an affirmance, that his tenant should not guard the shaft. The tenant had the right and actual power to guard it. The landlord, after parting with the possession and control of the premises, did not stipulate for or agree to continue or affirm that condition of things which constituted the alleged negligence. It is not the case of a landlord receiving rent for a thing which is a nuisance, e. g., a wall obstructing an ancient light, and which the tenant’s obligation prevents his taking down; nor the case of a defendant, who, in his conveyance of land, covenants that the grantee shall have the enjoyment of a right to set back water on another’s land. In both these cases there is an actual complicity in the wrong. In the present case, the landlord has not, by his lease, or by any act, claimed that the tenant should omit to make sufficient- guard, or promised to maintain the tenant’s omission. The tenant’s power is the same in this regard as if there had been an absolute conveyance of the property without covenants. It cannot be justly said that he took any part, actually or by legal construction, in the tenant’s omission to guard the *276 shaft, he having parted with possession and control of the premises.
Ñor do I think that the defendant was negligent in renting and parting with the floor, without having placed a fence around the shaft. The negligence, if any, would consist in not supposing or not entertaining the notion that the tenant might not, or would not, sufficiently protect his servants. The fence would be a slight and inexpensive matter, and should properly be devised to meet the exigencies of the defendant’s business. His arrangements might dispense safely with the guard. - It was not negligence to leave the placing of the guard to a person as competent as the landlord to do it, and whose interest and duty would impel him to do it. The judgment should be affirmed, with costs.
Van Vorst, J., concurred.